### ALLEN ELLIS v. THE STATE.

*No. 511. Decided June 23.*

**Rape—New Trial—Misconduct of Jury Receiving Other Testimony.**—One of the statutory grounds for a new trial is where the jury, after having retired to deliberate upon a case, have received other testimony. Code Crim. Proc., art. 777, subdiv. 7. *Held,* on a trial for rape, where one of the jurors told his fellows, after their retirement, who were divided six and six as to conviction and acquittal, "that three years before the defendant went into the bedroom of one of his neighbors, where his wife was, and that he (the juror) heard the husband tell defendant that he would kill him if he did not leave the country," which defendant did; after this statement a verdict for conviction was unanimous. The case comes clearly within the statutory rule, and a new trial should have been granted.

APPEAL from the District Court of Frio. Tried below before Hon. M. T. LOWE.

Appellant was indicted in Zavalla County for the rape of one Dolores Mata. By agreement of parties the venue was changed to Frio County, because, on account of sparseness of population, a jury could

not be obtained in Zavalla to try the case.   At his trial in Frio County he was convicted, his punishment being assessed at five years' imprisonment in the penitentiary.

In view of the disposition made of the appeal, a statement of the case becomes unnecessary.

*I. N. Spann* and *John T. Bivins*, for appellant.

*R. L. Henry*, Assistant Attorney-General, for the State.

SIMKINS, JUDGE.—Appellant was convicted of rape, and his punishment was assessed at five years.   In his motion for a new trial appellant says, that after the jury had retired to consider of their verdict they received other testimony from one W. T. Cude, a juror, which operated injuriously to appellant's rights.

It appears by the voluntary affidavit of said Cude, that on the first ballot the jury stood ten for acquittal and two for conviction.   That after discussing the character of defendant the jury stood six and six. That thereupon he (the juror) asked whether it would be right to state what he personally knew of defendant's character; and being assured there was nothing wrong in stating it, he informed the jury that three years before defendant went into the bedroom of one of his neighbors, where his wife was, and he (the juror) heard her husband tell defendant if he did not leave the county he would kill him; that defendant left the neighborhood.   After this statement, with further discussion, the whole twelve voted for conviction.   This affidavit is in no way traversed or denied.   It needs no comment to show its importance and prejudicial tendency, and therefore comes clearly within the seventh subdivision of article 777 of the Code of Criminal Procedure, defining the grounds upon which a new trial should be granted.

The judgment is reversed and cause remanded.

*Reversed and remanded.*

Judges all present and concurring.